# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Jason Woodcock,<br><br>     Plaintiff,<br><br>v.<br><br>Northstar Location Services, LLC,<br><br>     Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Throughout May 2010, Defendant telephoned Plaintiff's mother ("Ginger") in connection with the collection of the debt on numerous occasions.

6. During several of these communications, Ginger notified Defendant that Plaintiff could not be reached at Ginger's residence and refused to provide Defendant with Plaintiff's contact information, but Defendant continued to call Ginger in connection with the collection of the debt and to demand information about Plaintiff on several occasions thereafter.

7. During several of these communications, Defendant repeatedly insisted that Ginger provide Defendant with Plaintiff's contact information and argued with Ginger when she would refuse to provide the same.

8. During at least one of these communications, Defendant told Ginger that Defendant was a collection agency and that Plaintiff was running from his responsibilities.

9. On or around May 25, 2010, Defendant telephoned Plaintiff's work issued cell phone.

10. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications to Plaintiff's work issued cell phone and that Defendant's telephone calls to Plaintiff's work issued cell phone were inconvenient for Plaintiff.

11. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's work cell phone again on or around May 27, 2010.

12. Defendant caused Plaintiff emotional distress.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: <u>s/ Timothy J. Sostrin</u>
    Timothy J. Sostrin, attorney-in-charge
    IL Bar # 6290807
    SD Texas Bar # 980881
    233 S. Wacker Drive, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff